IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TAMERA H.,[1] | No. 6:20-cv-1428-MO |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

MOSMAN, District Judge:

      This matter comes before me on Plaintiff Tamera H.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I AFFIRM the Commissioner's decision and DISMISS this case.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On July 17, 2017, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and on July 31, 2017, applied for Supplemental Security Income ("SSI") under Title XVI, with an amended alleged onset date of September 16, 2015. Tr. 210-11. The Social Security Administration ("SSA") denied her claim initially and upon reconsideration. Tr. 130, 135, 141, 144. Plaintiff appeared and testified at a hearing held on August 1, 2019, before Administrative Law Judge (ALJ) Steven A. De Monbreum. Tr. 37-63. On August 14, 2019, the ALJ issued a decision finding that Plaintiff had not been under a disability at any time from the alleged onset date through the date of the decision. Tr. 19-36. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 16, 2015, the amended alleged onset date. Tr. 25. At step two, the ALJ determined that Plaintiff had the following severe impairments: asthma, residuals from double mastectomy, post-traumatic stress disorder (PTSD), major depressive disorder, and unspecified psychosis/schizophrenia. Tr. 25. At step three, the ALJ found no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 25. The ALJ assessed Plaintiff's residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she must avoid more than occasional overhead reaching bilaterally due to residuals from her double mastectomy. Due to her asthma, she must avoid more than occasional exposure to dust, fumes, odors, chemicals, gases, or other pulmonary irritants, consistent with an indoor office environment. Due to her mental impairments, she can understand, remember, and carry out only short, simple, routine job instructions consistent with unskilled work with a DOT GED reasoning level of 2 or less. She can tolerate no more than occasional interaction with co-workers or the public.

Tr. 26-27.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 29. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform such as electronics worker, electrical accessories assembler, and small parts assembler. Tr. 30. The ALJ therefore found Plaintiff not disabled. Tr. 31.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises just one issue with the ALJ's decision. Plaintiff argues the ALJ erred by erroneously discounting her subjective symptom testimony about physical pain resulting from a double mastectomy.

**I.      Subjective Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom evaluation. *Molina v. Astrue*, 674 F.3d 114, 1112 (9th Cir. 2012) (superseded on other grounds).

First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.*

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

At the hearing, Plaintiff testified that after her double mastectomy she experiences pain in her chest area and in her bilateral arms when holding them out in front of her above waist level, and while performing such activities as washing dishes. Tr. 43-44. She stated that she is unable to lift anything over 10 pounds due to pain. Tr. 47. She also alleged an inability to reach because it pulls on her shoulder and causes instant pain. Tr. 282. Plaintiff also shared that she has exercise-induced asthma, and as a result she can only walk for a half hour before having to sit down due to shortness of breath. Tr. 46-47. Plaintiff alleged not being able to stand for prolonged periods due to her impairments. Tr. 54.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms and did not identify evidence of malingering. Tr. 23. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25. Specifically, the ALJ found Plaintiff's symptom allegations were inconsistent with the objective medical evidence, Plaintiff's improvement with treatment, and other testimony about her typical daily activities. Tr. 25.

*A. Objective Medical Evidence*

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original); s*ee also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record). The absence of corroborating objective medical evidence is not enough, on its own, however, to reject a claimant's symptom testimony. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 16-3p, 2017 WL 5180304, at *5; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ reasonably relied on conflicting medical records to discount Plaintiff's testimony about the extent of her pain related to her double mastectomy.[2] Conflict with objective

---

[2] The ALJ also discounted aspects of Plaintiff's testimony about her mental health, which Plaintiff does not contest. *See* Tr. 28, Pl. Br., ECF No. 13 at 4-8.

5 – OPINION & ORDER

medical evidence is a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). At the hearing, Plaintiff testified that her shoulder pain following her double mastectomy gives her significant back and shoulder pain, that she can't lift over 10 pounds, extend her arms, or work for more than half an hour before needing a break. Tr. 45-47. As the ALJ reasonably noted, the medical records suggested otherwise. For example, the ALJ cited medical records that showed Plaintiff had normal motor strength, sensation, and reflexes, which undermined her testimony about shoulder pain and difficulty lifting anything over 10 pounds. Tr. 28 (citing Tr. 888). At times, Plaintiff told her providers that her "post-mastectomy pain" was tolerable. Tr. 1048; *see also* Tr. 1049 ("with lidocaine patches" her pain "drops to 3/10" and she becomes sore only "if very active (i.e., doing laundry, gardening etc.)."). Regarding her left shoulder issues, the ALJ specifically noted Plaintiff's medical records reflected "normal range of motion," and that "radiological evidence from late 2017 revealed no abnormalities." Tr. 28 (citing Tr. 876-77, 889, 1343). Furthermore, though more recent evidence showed that Plaintiff had some intermittent discomfort in her back, the ALJ noted she did not experience these symptoms earlier in the relevant period. Tr. 28 (citing Tr. 473, 539). The ALJ reasonably concluded that this evidence stood in contrast to Plaintiff's allegations of back and shoulder pain. The decision to discount Plaintiff testimony about these symptoms was clear, convincing, and supported by substantial evidence in the record.

      Plaintiff argues these reasons are legally insufficient, because absence of medical evidence is an inappropriate basis for discrediting a claimant's testimony about her pain, and that the record more strongly supports her testimony than the ALJ let on. Pl. Br. at 7. She cites two Ninth Circuit cases to support the idea that a "claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.* (citing *Smolen v. Chater*, 80

F.3d 1273, 1282 (9th Cir. 1996), and *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)). And Plaintiff is correct, that *absence* of corroborating objective medical evidence is not a clear and convincing reason to discount subjective symptom testimony about pain; *conflict* with objective medical evidence is, however. *Smartt,* 53 F.4th at 498. And here, the ALJ relied on several inconsistencies between Plaintiff's testimony and the record—all valid reasons to discount her testimony about the extent of her pain and physical limitations. Plaintiff also cited other medical evidence that she believes supports her allegations. Pl. Br. at 6-7 (citing, e.g., a January, 2018 medical appointment that reflected pain and mobility issues following her double mastectomy). In citing these records, Plaintiff is asking the Court to re-weigh the evidence, which is beyond the scope of review. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the ALJ."). Even when there are two reasonable interpretations—Plaintiff's and the ALJ's—the ALJ's interpretation must prevail. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). Against that backdrop, Plaintiff has not established error by simply advancing a different interpretation of the evidence, and the ALJ reasonably relied on conflicting medical evidence to discount aspects of Plaintiff's testimony.

    *B. Improvement with Treatment*

    An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). If the record shows a claimant's symptoms have improved with treatment, that improvement is "an important indicator of the intensity and persistence of ... symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Ninth Circuit has held that "evidence of medical

treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

The ALJ reasonably concluded that Plaintiff's back and shoulder pain improved with treatment, which undermined her hearing testimony concerning the severity of those symptoms. Although Plaintiff complained that she was unable to work in part due to back and shoulder pain stemming from a double mastectomy (*see, e.g.*, Tr. 43-47), the ALJ noted that chiropractic treatment and massage both lessened the symptoms. Tr. 28. The ALJ also cited the chiropractor's note showing that Plaintiff's back pain was "intermittent," happening only "25% to 50%" of the time, which further supported the ALJ's decision to discount the extent of Plaintiff's testimony about the frequency of her back and shoulder pain. Tr. 47, 947. Plaintiff also repeatedly referenced her ability to decrease her discomfort with medication. *See, e.g.,* Tr. 949. In all, Plaintiff demonstrated marked improvement in back and shoulder pain with chiropractic treatment and medication, and this was another clear and convincing reason for the ALJ to rely upon to discount her more severe subjective complaints about her back and shoulder limitations.

Plaintiff disputes the legal and factual sufficiency of this evidence, but does not undermine the ALJ's supportable conclusion that improvement with treatment undermined her hearing testimony. First, Plaintiff argues that because "intermittent" pain, happening "25% to 50%" of the time, corresponds to the SSA's definition of the term "frequent," defined as happening 1/3 to 2/3 of the time, this cannot be a clear and convincing reason to discount her testimony. Pl. Reply at 2 (citing Tr. 947). As a starting point, 1/3-2/3, or "frequent" is more than 25-50%, or "intermittent." Plaintiff also pulls this definition of "frequent" from Social Security Ruling 83-10, which defines how often a claimant can do an activity during a work day when performing "light work." SSR 83-10 at *3. This unrelated definition does not undermine the

ALJ's conclusion that "intermittent" pain was less that what Plaintiff testified to at the hearing, or his proper citation to medical evidence reflecting variability of pain symptoms to undermine Plaintiff's testimony about the frequency of her pain. 20 C.F.R. §§ 404.1513(a)(3) (requiring ALJs to consider "evidence from a medical source…including judgments about the nature and severity of [a claimant's] impairments…"). Plaintiff also argues that she "reported her pain levels to be 4 out of 5 and 5 out of 5," which supports her testimony about the extent to which her back pain limits her activities. Pl. Reply at 2 (citing Tr. 43-44, 947). In fact, the medical record Plaintiff cites shows Plaintiff reported "the intensity of discomfort…as a level 4 on a scale of 1 to 10 with 10 being the most severe," or "as a level 5 on a scale of 1 to 10." Tr. 947. Plaintiff's effort to undermine the sufficiency of the ALJ's factual conclusion that her pain was overstated at the hearing fails on this count as well.

## CONCLUSION

For the reasons given above, I AFFIRM the Commissioner's decision and DISMISS this case.

IT IS SO ORDERED.

DATED:    1/5/2024                .

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

9 – OPINION & ORDER